UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL COLESON, JR.,

                    Plaintiff,

        - against -

MYLAN PHARMACEUTICAL INC. et al.,

                    Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/30/2019

17cv5382 (JGK)

MEMORANDUM OPINION AND
ORDER

**JOHN G. KOELTL, District Judge:**

The pro se plaintiff, Samuel Coleson, Jr., brings this
action against Mylan Pharmaceutical Inc. and Mylan Manufacturer,
two manufacturers of risperidone, a generic equivalent of the
antipsychotic Risperdal, based on injuries allegedly suffered by
the plaintiff after taking risperidone.  Risperidone is an
antipsychotic prescription drug used to treat schizophrenia and
bipolar mania.  The plaintiff alleges that he suffered injuries
because the defendants failed properly to warn on the drug's
label of risperidone's side effects on male patients and because
the drug suffers from a design defect.  The defendants now move
to dismiss all of the plaintiff's claims pursuant to Rule
12(b)(6) of the Federal Rules of Civil Procedure.

                              I.

The plaintiff filed his complaint on July 14, 2017.  (Dkt.
No. 2.)  On that same day, the plaintiff filed another complaint
against Teva Pharmaceuticals USA, Inc., and Vintage

Pharmaceuticals, LLC. Coleson v. Qualitest Pharmaceutical Manufacture, No. 17cv5381, Dkt. No. 2. (S.D.N.Y. July 14, 2017). The two complaints alleged the same theory of liability and sought damages for the same injuries. Thus, the cases were designated as related.

On May 7, 2018, this Court dismissed the plaintiff's claims in the Qualitest case as impliedly preempted. 2018 WL 2108238, at *3. The plaintiff filed a notice of appeal in that case, and the Court entered an Order staying this action pending decision by the Court of Appeals. (Dkt. No. 11.) On November 27, 2018, the Second Circuit Court of Appeals dismissed the plaintiff's appeal "because it lack[ed] an arguable basis either in law or in fact." Coleson v. Qualitest Pharm. Manufacture, No. 18-1628, 2018 WL 6264230, at *1 (2d Cir. Nov. 27, 2018) (quotation marks omitted).

On February 25, 2019, the plaintiff filed an amended complaint in this case. (Dkt. No. 17.) The defendants now move to dismiss all of the plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**II.**

The plaintiff's claims in the amended complaint allege the same injuries and causes of action that were pleaded in the Qualitest case. As explained above, the Court dismissed that case on preemption grounds, and the Second Circuit Court of

2

Appeals dismissed the plaintiff's appeal. There is nothing that the plaintiff has alleged in the amended complaint that rescues the plaintiff's claims from the same defects that this Court found in the Qualitest case. Therefore, the defendant's motion is **granted,** and the plaintiff's amended complaint is **dismissed** for the same reasons set out in the Court's Order dismissing the Qualitest case. Qualitest, 2018 WL 2108238, at *3.

### CONCLUSION

The defendant's motion to dismiss the plaintiff's amended complaint is **granted** and the plaintiff's amended complaint is **dismissed.** The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The Clerk of Court is directed to enter judgment **dismissing this case with prejudice.** The Clerk of Court is also directed to close all open motions on the docket and to close this case.

**SO ORDERED.**

Dated:     **New York, New York**
           **May 30, 2019**

                                    _____
                                    **John G. Koeltl**
                                    **United States District Judge**

3